# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BUREAU OF CONSUMER**
**FINANCIAL PROTECTION,**

    Plaintiff,

vs.                                                                 Case No. 4:20mc06-MW-MAF

**OLP.COM, INC.,**

    Defendant.
_____/

# O R D E R

The Bureau of Consumer Financial Protection ["Bureau"] filed a motion to compel, ECF No. 1, on August 25, 2020, seeking to compel responses to a subpoena served on OLP.com, Inc. ["OLP"].  This discovery dispute concerns an underlying action which is pending in the District of Utah, *Bureau of Consumer Financial Protection v. Progrexion Marketing, Inc., et al.,* No. 2:19cv298-BSJ, and alleges violations of the Telemarketing Sales Rule and the Consumer Financial Protection Act by the Defendant and its marketing partners.  ECF No. 1 at 1-2.

The motion advises that the Bureau issued a subpoena to OLP on January 21, 2020, seeking "documents related to its business activities and marketing relationship with Progrexion," the Defendant in the underlying action. ECF No. 1 at 3. The Bureau contends, in general, that OLP responded with a letter dated February 4, 2020, which raised "general, boilerplate objections" to the subpoena's requests, failed to produce documents as agreed, and provided only partial responses. *Id.* at 4.

In response, OLP seeks transfer of this motion to the District Court in Utah. ECF No. 8. OLP contends that some of the production sought "may implicate the attorney-client privilege" of one of the Defendants in the underlying action. *Id.* at 2. Additionally, OLP argues that several objections are based on relevancy grounds or that the requests "are overly broad," and, therefore, the Utah court "is probably better positioned to rule upon any relevancy objections, particularly if the risk of inconsistent rulings in that regard is to be avoided." *Id.* at 2-3. In the alternative, OLP requests that if transfer is not directed that it be provided two additional weeks to respond to the motion to compel. *Id.* at 3.

For its part, the Bureau objects to the transfer request and contends that OLP is merely seeking to delay its obligation to comply with the

subpoena. ECF No. 9 at 1. The Bureau requests an expeditious ruling on the motion to compel rather than permitted "an improper delay tactic." *Id.* at 4. Nevertheless, the Bureau's response acknowledges that when OLP asked if the Bureau would agree to the transfer, the Bureau offered "to refile the action in the District of Utah." *Id.* at 4-5. The Bureau argues that if OLP's intentions were "not to delay, it would have agreed to the Bureau's offer to refile the motion to compel in the District of Utah . . . ." *Id.* at 5. Yet OLP did not respond to that offer and, instead, filed the instant request to transfer. *Id.* The Bureau points out that it "should not take a year to obtain compliance with a subpoena" and requests that OLP's "dilatory conduct . . . not be rewarded . . . ." *Id.* at 6.

Federal Rule of Civil Procedure 45 permits service of a subpoena on a non-party commanding "the production of designated documents, electronically stored information," and the like. Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 also provides that "on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(i). Of particular relevance in this case, the Rule provides that "[w]hen the court where compliance is required did not issue

the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

This Court did not issue the subpoena served on OLP; it was issued by the United States District Court for the District of Utah. Doc 1-2 at 2. Because OLP is "a company located in this judicial district," *see* ECF No. 8 at 1, the motion to compel was filed in this Court. However, OLP now expresses its consent to transfer the motion. Pursuant to Rule 45(f), a motion to compel may be transferred if the responding party "consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Although transfer is discretionary by use of the word "may," it may be directed upon either consent *or* exceptional circumstances.

The Bureau's primary basis for objecting to transfer is delay, yet the reality of this discovery dispute is that the Bureau waited some six months to file the motion to compel. OLP responded by letter to the subpoena on February 4, 2020, and over the next few weeks counsel attempted to confer and resolve the dispute. Yet the Bureau waited until August 25th to file this motion. Thus, the argument that transfer should be denied because of delay is rejected.

Moreover, the Bureau has expressed a willingness to transfer the motion. Considering that willingness along with the consent of OLP, the request for transfer is granted.

Accordingly, it is

**ORDERED:**

1.  Ruling on the motion to compel, ECF No. 1, is **DEFERRED**.

2.  Defendant's request to transfer the motion to compel, ECF No. 1, to the United States District Court for the District of Utah, is **GRANTED**.

3.  The Clerk of Court shall take all necessary steps to transfer this case to the District of Utah.

**DONE AND ORDERED** on September 14, 2020.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**